IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

FRED KRATT
and
PEGGY KRATT,
     Plaintiffs,

vs.                                        Case No. 3:08cv464/RV/EMT

JEFFREY BURNS, et al.,
     Defendants.
_____/

## ORDER , REPORT AND RECOMMENDATION

Plaintiffs Fred Kratt and Peggy Kratt ("the Kratts") invoke the court's jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1332 in this civil action arising from lease and purchase agreements for residential property. The Kratts proceed *pro se* and have paid the filing fee. Due to the Kratts' *pro se* status this matter was referred to the undersigned for all preliminary orders and the filing of a Report and Recommendation. *See* N. D. Fla. Loc. R. 72.2(E); *see also* 28 U.S.C. § 636(b)(1)(B)(C); and Fed. R. Civ. P. 72(b). Now before the court are two motions filed pursuant to Fed. R. Civ. P. 12 to dismiss the amended complaint, one brought by Defendant Regions Bank and the other brought jointly by Defendants Jeffrey Burns; Donald Rutland; Judith Rutland; The Rutland Company; and Rutland Resort Properties (together, "the Defendants").[1] The Kratts have responded. For the reasons stated below, the court recommends granting the motions on the ground of lack of subject matter

---

[1] The Kratts included Rutland Resort Properties as a Defendant in their original complaint (Doc. 1). They do not name Rutland Resort Properties in their first amended complaint (Doc. 24), which is now the operative pleading in this case. Although the instant complaint contains no allegations or claims against Rutland Resort Properties, this Defendant—who has not been dismissed from the action—nevertheless has joined in the motion to dismiss.

jurisdiction and dismissing the action.[2]

**Background**

The Kratts allege the following in their amended complaint.  At the time the events giving rise to this action took place Deborah Burns was an employee of Regions Bank, and Jeffrey Burns was a real estate broker who worked for real estate agents Donald and Judith Rutland ("the Rutlands") and their corporation, The Rutland Company.  In April 2008 the Kratts entered into written agreements with Deborah Burns and Jeffrey Burns ("the Burnses") to lease a house located at 191 Bay Circle Drive, Santa Rosa Beach, Florida ("the property") and to purchase the property in April 2009 ("the lease/purchase agreements").  Unknown to the Kratts at the time they executed the lease/purchase agreements in April 2008, the Burnses had not made a mortgage payment to their lender, Regions Bank, since January 2008 and had been notified by Regions Bank that they were in default under the property's mortgage and security agreements.  In June 2008, still unaware of the default, the Kratts submitted rent prepayments to the Burnses.  The Kratts paid a total of $42,749.94 in rent and deposits to the Burnses.  In August 2008, the Kratts assert, Regions Bank filed a foreclosure action against the Burnses, and in September 2008 the Burnses initiated a civil action in state court against the Kratts to evict them from the property.[3]

---

[2]  Thus dismissal should be as to each of the Defendants identified above, as well as to two other Defendants who have not entered appearances in the case, Brown Financial, LLC, and Deborah Burns.

The docket reflects that the Kratts filed proof of personal service on Deborah Burns (Doc. 8).  Additionally, the Kratts filed proof of service by certified mail on Brown Financial, LLC (Doc. 5), but they failed to submit proof that this Defendant waived personal service.  Thus service on Brown Financial, LLC, appears to be ineffective.  See Dyer v. Wal-Mart Stores, Inc., 2009 WL 613119, *1 (11th Cir. 2009) (stating that pursuant to Fed. R. Civ. P. 4 and applicable state law, service by certified mail without accompanying waiver not sufficient).  Similarly, no waiver has been filed with respect to Defendant Regions Bank.  No Defendant, however, has challenged the effectiveness of service of process nor have the Kratts attempted to pursue entry or judgment of default against any Defendant.

As a final matter, although the amended complaint lists as Defendants several "unknown insurance or bonding corporation[s]" to be named later, to date the Kratts have identified none of these corporations to the court or filed proof of service with respect to any of them.  The court therefore does not address these Defendants further.

[3]  The Kratts have attached approximately fifty-six pages of exhibits to their amended complaint.  These exhibits include copies of their purchase and lease agreements with the Burnses as well as documents and attachments related to the eviction proceedings and foreclosure proceedings.  On a motion to dismiss the court may consider documents attached to the complaint or directly referenced in the complaint.  See Grossman v. Nationsbank, N.A., 225 F.3d 1228, 1231 (11th Cir. 2000); Solis-Ramirez v. United States Dep't of Justice, 758 F.2d 1426, 1430 (11th Cir. 1985) ("[A]ttachments [to the complaint] are considered part of the pleadings for all purposes, including a Rule12(b)(6) motion."); Fed. R. Civ. P. 10(c) ("A copy of any written instrument which is an exhibit to a pleading is a part thereof for

The Kratts allege that the Burnses obtained their mortgage from Regions Bank by fraudulent means.  Additionally, the Kratts allege, Jeffrey Burns knew or should have known that his actions surrounding the Kratt/Burns transaction violated state and federal law governing real estate transactions and property conveyance.  Further, the Rutlands and The Rutland Company knew or should have known that Jeffrey Burns was utilizing their company's office space and other resources for the purpose of engaging in a fraudulent real estate transaction with the Kratts.  Finally, according to the Kratts, at the time the Burnses and Kratts executed the lease/purchase agreement in April 2008 Regions Bank knew or should have known that the Burnses were in default of their mortgage, note and security agreement and therefore should have notified the Kratts to forward all rents to it rather than to the Burnses.

The Kratts contend that the Defendants' actions deprived them of their rights under the Fifth and Fourteenth Amendments of the United States Constitution and violated "Federal law governing Fraud, Conversion, and the Fair Collection of Debt under [the] United States Code" (Doc. 24 at 1).  Additionally, invoking supplemental jurisdiction, the Kratts assert claims of fraud, conversion, breach of contract, breach of fiduciary duty, tortious interference of contract, and malicious interference of contract under Florida law (*see id.*).[4]  As relief for the alleged constitutional, federal law, and state law violations the Kratts seek actual and punitive damages.  In their motions to dismiss the Defendants contend the allegations of the amended complaint are insufficient to establish either federal question jurisdiction under 28 U.S.C. § 1331 or diversity jurisdiction under 28 U.S.C.

---

all purposes."). The exhibits attached to the Kratts' amended complaint have therefore been considered, to the extent they are relevant to the court's subject matter jurisdiction inquiry.

[4] The Kratts improperly number and fail to distinguish the federal claims from the state claims in their twelve-count amended complaint.  Nevertheless, the court concludes that the amended complaint reflects the following claims: fraud (against the Burnses, The Rutland Company, and the Rutlands); conversion (against the Burnses); breach of contract (against the Burnses and Regions Bank); breach of fiduciary duty (against the Burnses and Regions Bank); tortious interference of contract (against The Rutland Company and the Rutlands); and malicious interference of contract (against The Rutland Company and the Rutlands).  As noted previously, the Kratts make no allegations or claims against Rutland Resort Properties in the amended complaint; the same is true with respect to Brown Financial, LLC.

Case No. 3:08cv464/RV/EMT

§ 1332.[5]  Responding in opposition to these contentions, the Kratts apparently do not dispute that diversity jurisdiction does not lie but maintain that the requirements of establishing federal question jurisdiction have been satisfied.

**Subject Matter Jurisdiction**

Federal courts are courts of limited jurisdiction that were created by Congress with specified jurisdictional requirements and limitations.  *See* 13 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice & Procedure § 3522 (2d ed. 1984).  Federal jurisdiction is premised on the existence of either a federal question or diversity of citizenship.  *See* 28 U.S.C. §§ 1331 and 1332.

Title 28 U.S.C. § 1332(a)(1) provides that district courts have "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."  To invoke diversity jurisdiction, a plaintiff must affirmatively allege facts in the complaint showing that both the amount in controversy and the diversity of citizenship prongs of § 1332(a) are satisfied.  *See, e.g.*, Massey v. Congress Life Ins. Co., 116 F.3d 1414, 1418 n.1 (11th Cir. 1997) (noting that for diversity jurisdiction to apply, plaintiff must allege proper jurisdictional basis in complaint, including that plaintiff and defendants are citizens of different states and that amount in controversy exceeds jurisdictional threshold); Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994) (finding no diversity jurisdiction where complaint failed to plead citizenship of defendant).  The diversity of citizenship must be complete: no defendant in a diversity action may be a citizen of the same state as any plaintiff.  Carden v. Arkoma Assocs., 494 U.S. 185, 187, 110 S. Ct. 1015, 108 L. Ed. 2d 157 (1990); Ingram v. CSX Transp., Inc., 146 F.3d 858, 861 (11th Cir. 1998).

To invoke federal question jurisdiction a plaintiff must assert a claim "arising under the Constitution, laws, or treaties of the United States."  Title 28 U.S.C. § 1331.  A suit "arises under"

---

[5]  Defendant Regions Bank additionally argues that the amended complaint should be dismissed on the grounds of lack of standing and failure to state a claim for relief; the other Defendants likewise argue for dismissal on the alternative ground of failure to state a claim.  In light of the court's conclusion that subject matter jurisdiction is lacking, it need not address these arguments.  The court notes, however, that Region Bank's contention that the Kratts lack standing to complain about its transactions with the Burnses and that the Kratts cannot hold Regions Bank responsible for the actions of its mortgagors, the Burnses, appears to be well-taken.

federal law if (1) the cause of action was created by federal law, or (2) even though the cause of action was created by state law, it depends on a "substantial question[ ] of federal law." Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 312, 125 S. Ct. 2363, 162 L. Ed. 2d 257 (2005);  Merrell Dow Pharms. Inc. v. Thompson, 478 U.S. 804, 808, 106 S. Ct. 3229, 92 L. Ed. 2d 650 (ruling that a district court has jurisdiction over a claim that "necessarily turn[s] on some construction of federal law").  "[A] federal court may dismiss a federal question claim for lack of subject matter jurisdiction only if:  (1) the alleged claim under the Constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction; or (2) such a claim is wholly insubstantial and frivolous." Blue Cross & Blue Shield of Alabama v. Sanders, 138 F.3d 1347, 1352 (11th Cir. 1998) (quoting Bell v. Hood, 327 U.S. 678, 685, 66 S. Ct. 773, 90 L. Ed. 939 (1946).  As to the latter basis for dismissal, subject matter jurisdiction may be found lacking "if the claim 'has no plausible foundation . . . .'" Barnett v. Bailey, 956 F.2d 1036, 1041 (11th Cir. 1992) (quoting Olivares v. Martin, 555 F.2d 1192, 1195 (5th Cir. 1977)); *see also* McGinnis v. Ingram Equipment Co., Inc., 918 F.2d 1491, 1494 (11th Cir. 1990) (*en banc*).

A federal court must always dismiss a case upon determining that it lacks subject matter jurisdiction, regardless of the stage of the proceedings.  Goodman ex rel. Goodman v. Sipos, 259 F.3d 1327, 1331 n.6 (11th Cir. 2001) (citing Smith v. GTE Corp., 236 F.3d 1292, 1299 (11th Cir. 2001)).  The burden of establishing jurisdiction rests upon the party asserting jurisdiction. *See* Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994); Thomson v. Gaskill, 315 U.S. 442, 446, 62 S. Ct. 673, 86 L. Ed. 951 (1942)).  Indeed, Rule 8(a)(1) of the Federal Rules of Civil Procedure provides that a pleading shall contain a short, plain statement of the grounds upon which the court's jurisdiction depends. Fed. R. Civ. P. 8(a)(1).

**Discussion**

In their amended complaint the Kratts assert that Peggy Kratt and Defendants Jeffrey Burns; Deborah Burns; Donald Rutland; Judith Rutland; Brown Financial, LLC; Rutland Resort Properties; and The Rutland Company are citizens of Florida.  As all of these parties are citizens of the same state, the Kratts' allegations affirmatively demonstrate that complete diversity under 28 U.S.C.

§ 1332(a) is lacking.[6]  *See* Carden, 494 U.S. at 187 (noting requirement of complete diversity of citizenship).  Accordingly, even construing the allegations of the Kratts' *pro se* complaint liberally, as this court must do, *see* Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972) (recognizing that pro se complaints should be held to "less stringent standards" than pleadings drafted by attorneys), the court readily concludes the Kratts have not met their burden of establishing diversity jurisdiction.

The Kratts also have not shown they may rely on federal question jurisdiction pursuant to 28 U.S.C. § 1331 in this case.  The Kratts do not specify the procedural mechanism by which they attempt to vindicate the alleged violation of their Fifth and Fourteenth Amendment rights.  The only possible basis for the court's exercise of federal question jurisdiction over these claims would appear to be 42 U.S.C. § 1983, which provides for private civil causes of action based on allegations of federal constitutional violations.  Section 1983, however, is not available to the Kratts.  A §1983 plaintiff must not only allege that he was deprived of a federal right but also allege that the deprivation was caused by a person acting under color of state law.  The latter is an allegation the Kratts do not and cannot make based on the facts presented in their amended complaint.  Griffin v. City of Opa-Locka, 261 F.3d 1295, 1303 (11th Cir. 2001).  Each named Defendant is a private individual and/or entity, and private actors do not act under color of state law.  *See* Gomez v. Toledo, 446 U.S. 635, 640, 100 S. Ct. 1920, 64 L. Ed. 2d 572 (1980).  Purely private conduct, no matter how wrongful or injurious, is not actionable under § 1983.  *See* Lugar v. Edmondson Oil Co., Inc., 457 U.S. 922, 936, 102 S. Ct. 2744, 73 L. Ed. 2d 482 (1982) (stating that "[a]s a matter of substantive constitutional law the state-action requirement reflects judicial recognition of the fact that most rights

---

[6]  Moreover, Fred Kratt—who is currently incarcerated at Maxwell Air force Base Federal Prison Camp, Montgomery, Alabama, but who presumably previously resided in Florida—likely is also a citizen of Florida. *See* Mitchell v. Brown & Williamson Tobacco Corp., 294 F. 3d 1309, 1314 (11th Cir. 2002) (indicating that absent exceptional circumstances a prisoner's domicile rests in the state where he resided prior to his incarceration). Determining Fred Kratt's citizenship is not necessary here, however, as it is clear that complete diversity of citizenship does not exist between the other Plaintiff, Peggy Kratt, and Defendants Jeffrey Burns; Deborah Burns; Donald Rutland; Judith Rutland; Brown Financial, LLC; Rutland Resort Properties; and The Rutland Company.  In light of the lack of complete diversity between these parties, it is similarly unnecessary to determine the corporate citizenship of Defendant Regions Bank, although this Defendant apparently identifies itself as being a citizen of Alabama.

secured by the Constitution are protected only against infringement by governments") (internal quotation marks and citation omitted).  The Kratts' assertion in their response that in fact their claims involve a person acting under color of state law—the state judge who presided over the eviction proceedings against them—is unavailing.  Even if the Kratts had made this allegation in their amended complaint, which they do not, it would not be sufficient to establish the existence of a federal question because, among other reasons, the deprivation of a federal right is not implicated.[7] As the Kratts allege no viable potential basis for the court's exercise of jurisdiction over their Fifth and Fourteenth Amendment claims and none is evident from the face of the pleadings, the court concludes the claims lack a "plausible foundation" and thus are "insubstantial and frivolous." Barnett, 956 F.2d at 1041.  Accordingly, the Kratts' Fifth and Fourteenth Amendment claims are subject to dismissal for lack of subject matter jurisdiction.  Blue Cross & Blue Shield of Alabama, 138 F.3d at 1352.

The Kratts' invocation of federal question jurisdiction based on "Federal law governing Fraud [and] Conversion" (Doc. 24 at 1) also fails.  The fraud and conversion claims arise from events surrounding the lease/purchase agreements the Kratts executed with the Burnses, not any contractual obligations the Burnses may have assumed or failed to honor with respect to Regions Bank.  In any event, the Kratts' fraud and conversion claims, if any, are governed by state law, not federal law.  The Kratts make no allegations suggesting that these causes of action were either created by federal law or, although creatures of state law, depend on a substantial question of federal law.  Grable & Sons Metal Prods., Inc., 545 U.S. at 312.  The claims are thus "wholly insubstantial and frivolous" and should be dismissed.  Blue Cross & Blue Shield of Alabama, 138 F.3d at 1352.

The Kratts' reliance on the "Fair Collection of Debt under [the] United States Code," presumably the Fair Debt Collection Act, 15 U.S.C. §§ 1692 et seq., is also misplaced.  This statute "provides a remedy for consumers who have been subjected to abusive, deceptive or unfair debt

---

[7] Similarly, to the extent the Kratts may seek to proceed directly under the Constitution with respect to their Fifth and Fourteenth Amendment claims, they may not do so because they do not allege the deprivation of a federal right by a federal actor.  See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971) (holding that plaintiff could recover damages from federal agents for injuries inflicted in violation of the Fourth Amendment).

collection practices by debt collectors." Piper v. Portnoff Law Associates, Ltd., 396 F.3d 227, 232 (3d Cir. 2005).  The Kratts do not plead facts in their complaint suggesting that any Defendant acted as a "debt collector" within the meaning of § 1692, much less subjected them to abusive, deceptive, or unfair debt collection practices.  Lacking a "plausible foundation," this claim therefore is "insubstantial and frivolous," Barnett, 956 F.2d at 1041, and also is subject to dismissal for lack of subject matter jurisdiction.  Blue Cross & Blue Shield of Alabama, 138 F.3d at 1352.

**Conclusion**

For the foregoing reasons, the court concludes that original jurisdiction over the Kratts' federal claims, based either on federal question or diversity, is lacking.  Dismissal of the amended complaint, including the supplemental state law claims, for lack of subject matter jurisdiction is therefore appropriate.  *See* Scarfo v. Ginsberg, 175 F.3d 957, 962 (11th Cir. 1999) ("The federal courts of appeals . . . have uniformly held that once the district court determines that subject matter jurisdiction over a plaintiff's federal claims does not exist, courts must dismiss a plaintiff's state law claims.") (citations omitted).  The Defendants' motions to dismiss should therefore be granted and the amended complaint dismissed.[8]  Dismissal of the federal claims should be with prejudice, while dismissal of the state law claims should be without prejudice to their assertion in a court of competent jurisdiction.

Accordingly, it is **ORDERED**:

That the motions to dismiss the initial complaint (Docs. 12, 16) are **DENIED** as moot.

And it is respectfully **RECOMMENDED**:

1.       That the motions to dismiss pursuant to Fed. R. Civ. P. 12 filed by Defendant Regions Bank (Doc. 29) and by Defendants Jeffrey Burns; Donald Rutland; Judith Rutland; The Rutland Company; and Rutland Resort Properties (Doc. 31) be **GRANTED** and this cause as to all Defendants be **DISMISSED** for lack of subject matter jurisdiction.  Dismissal of the federal claims should be with prejudice.  Dismissal of the state law claims should be without prejudice.

---

[8] Two motions to dismiss the original complaint remain pending on the docket (Docs. 12, 16).  They will be denied as moot.

2.       That the motion for preliminary injunctive relief (Doc. 19) be **DENIED** as moot.

3.       That the clerk be directed to **CLOSE** this case.

At Pensacola, Florida, this 2<u>nd</u> day of July 2009.


*/s/ Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


<u>**NOTICE TO THE PARTIES**</u>

      Any objections to these proposed findings and recommendations must be filed within ten (10) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only</u>.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings. *See* **28 U.S.C. § 636;** <u>United States v. Roberts</u>**, 858 F.2d 698, 701 (11th Cir. 1988).**